MARÍA M. OCASIO BURGOS, ETC., demandantes y recurrentes, *v.* CENTRO COMERCIAL PLAZA CAROLINA, ETC., demandados y recurridos.

*Número:* RE-92-77          *Resuelto:* 15 de mayo de 1992

*Wilfredo Luciano Quiñones,* abogado de la recurrente.

## RESOLUCIÓN

A la moción de reconsideración presentada en este caso, no ha lugar.

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Fuster Berlingeri concurrió con un voto particular de conformidad. El Juez Asociado Señor Hernández Denton se inhibió.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Voto particular de conformidad emitido por el Juez Asociado Señor Fuster Berlingeri.

Como bien señala el recurrente, en este recurso se presenta para nuestra consideración una situación litigiosa

que no habíamos encarado antes. Tenemos planteada ante nos, por lo tanto, una cuestión particular nueva respecto a la cual no existen en nuestra jurisdicción pautas judiciales o pronunciamientos normativos de este Tribunal.

La controversia en esta solicitud de revisión gira en torno al uso, por una empresa comercial, de escaleras electromecánicas en sus facilidades. Se plantea el asunto de cuál es el ámbito de responsabilidad torticera de tal empresa por los accidentes que ocurren cuando un cliente de ésta utiliza una de esas escaleras.

El tribunal de instancia en este caso, mediante una concienzuda y ponderada sentencia (Civil Núm. FDP 90-0334 del Tribunal Superior de Puerto Rico, Sala de Carolina), resuelve que, en circunstancias como las que tuvo ante sí —en las cuales no hubo prueba objetiva alguna de defectos en la escalera o de irregularidades en su mantenimiento u operación— no es de aplicación la doctrina de *res ipsa loquitur* y, por lo tanto, la acción de daños y perjuicios no procede si no se presenta prueba que establezca concretamente la negligencia de las partes demandadas.

Como usualmente hacemos siempre que se invoca nuestra jurisdicción, este Tribunal examinó detenidamente la sentencia del foro de instancia, la solicitud de revisión y los otros documentos que obran en autos. Luego de un análisis cuidadoso de la argumentación y los fundamentos de derecho contenidos en los señalamientos tanto del juez de instancia como del recurrente, hemos denegado el recurso y su reconsideración. Como tantas veces sucede cuando emitimos un "No ha lugar", nos ha parecido, luego de la debida consideración, que el caso fue bien resuelto en instancia y que no se justifica que expidamos el recurso solicitado.

Debe enfatizarse que al denegar esta solicitud de revisión lo hemos hecho sobre la base de un estudio a fondo de los planteamientos del recurrente. Existe en la profesión la equivocada opinión de que cuando emitimos un "No ha lugar" lo hacemos sin entrar en los méritos del recurso. Ello

no es así. Nuestra denegación en este caso, como de ordinario ocurre con todas las solicitudes que vienen ante nos, no es *"discrecional"*, como algunos mal piensan, sino *fundada* en nuestra consideración cuidadosa de los méritos de la solicitud.[1]

En este caso, el juicio del Tribunal al denegar el recurso y la solicitud de reconsideración ha sido unánime.[2] Yo comparto la apreciación de mis compañeros Jueces de que el caso se resolvió bien por el tribunal de instancia y de que no se justifica expedir el recurso solicitado. No obstante, me preocupa que no hayamos aprovechado la ocasión para pautar las normas judiciales que han de ser aplicables a situaciones como ésta. Tratándose de una cuestión particular novel, quizás debimos expedir el recurso para confirmar la sentencia de instancia, luego de hacer los pronunciamientos normativos y doctrinales correspondientes.

Resulta, sin embargo, que tal proceder con frecuencia no nos es posible aunque sea lo que idealmente debimos haber hecho. Este Foro se encuentra actualmente tan recargado de trabajo que no es posible atender como quisiéramos todas las funciones que tenemos asignadas. La solicitud de revisión en cuestión fue presentada en el Tribunal el 19 de febrero de 1992. La denegamos luego de considerar sus méritos el 13 de marzo de 1992. Recibimos la solicitud de reconsideración el 30 de marzo y el 15 de abril acordamos denegarla también. Durante el breve periodo de ocho (8) semanas transcurridas entre la presentación de la solicitud original y la denegación de la reconsideración, este Tribunal ha atendido seiscientos sesenta y cinco (665) recursos en diez (10) sesiones plenarias, ha considerado y resuelto cincuenta y un (51) auxilios de jurisdicción, y ha emitido noventa (90) sentencias. Esta extensa labor, claro

---

[1] Véase, además, *In re Informe Com. Asesora Presidente*, 119 D.P.R. 165, 210–213 (1987).

[2] El Juez Asociado Señor Hernández Denton se inhibió.

está, no refleja de modo alguno toda la carga de trabajo que tuvo el Tribunal durante el periodo en cuestión. Por ejemplo, no incluye la adjudicación de varios casos mediante decisiones que se publican ni la redacción de numerosas opiniones de mayoría, concurrentes o disidentes. Pero los datos aludidos son suficientes para demostrar que la carga de trabajo es realmente exorbitante, lo que explica por qué en casos como el de marras la intervención del Tribunal se limita a resolver el asunto de modo sumario, luego de estudiar a fondo los planteamientos del recurrente.(3)

Como a pesar de lo señalado anteriormente persiste aún nuestra preocupación en cuanto al hecho de que no hemos podido pautar el Derecho aplicable a la situación novel que nos ocupa, hemos querido usar este medio para al menos dar alguna noticia a la comunidad jurídica del país sobre cuál ha sido nuestro parecer al respecto.

---

(3) Debe señalarse que si la situación aludida se repite en casos futuros o si surgen conflictos entre distintas salas del Tribunal Superior respecto a situaciones como ésta, es probable que entonces habremos de expedir el caso para pautar las normas correspondientes. Esa ha sido nuestra práctica en el pasado, no importa cuán cargados de trabajo estemos. En efecto, una razón que explica por qué en estos casos de situación novel no se expide el recurso solicitado es, precisamente, que el Tribunal prefiere esperar para ver si la situación es recurrente.